IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO RODRIGUEZ-MENDEZ,<br><br>Plaintiff,<br><br>v.<br><br>ELLRED, et al.,<br><br>Defendants. | No. 2:24-CV-0678-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 8.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in civil rights cases. Cf. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In <u>Terrell</u>, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

<u>Id.</u> at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff argues that he will miss deadlines due to delays in the mail system at the prison. The Court finds that this is typical of inmates pursuing litigation in federal court. To the extent Plaintiff experiences delays, he may seek additional time. Further, at this early stage in the proceedings, before an answer has been filed and before any discovery has been conducted, the Court cannot say that the Plaintiff has established any particular likelihood of success on the merits. Further, a review of the docket reflects that Plaintiff to date has been able to present his claims on his own and in a timely manner without the assistance of counsel. Finally, this case, which involves claims of excessive force by federal prison officials, does not appear at this juncture to present legally or factually complex issues.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 8, is denied.

Dated: May 14, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE