IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO RODRIGUEZ-MENDEZ,<br><br>Plaintiff,<br><br>v.<br><br>ELLRED, et al.,<br><br>Defendants. | No. 2:24-CV-0678-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

1 entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

2 concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to

3 Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice

4 of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121,

5 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity

6 overt acts by specific defendants which support the claims, vague and conclusory allegations fail

7 to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening

8 required by law when the allegations are vague and conclusory.

9     Plaintiff names the following as defendants: (1) Ellred, a physician at Federal

10 Correctional Institution – Herlong (FCI Herrlong); (2) Kerney, a correctional lieutenant at FCI

11 Herlong; (3) Birtwell, a correctional officer at FCI Herlong; (4) Fox, a correctional officer at FCI

12 Herlong; (5) Peterson, a correctional officer at FCI Herlong; and (6) Waurbaug, a correctional

13 officer at FCI Herlong.  See ECF No. 1, pgs. 3-4.  Plaintiff alleges as follows:

> The preventing from causing cruel and unusual punishment being inflicted and the infliction of excessive force.  The deliberate indifference of the intentional refusal to provide medical care, delayed provision of medical treatment, denial of prescribed medical treatment, denial of reasonable requests for treatment that requests in suffering and further injury.  In addition the persistent conduct in the fact of resultant pain and risk of permanent injury.  Reasonable request for treatment denied, and exposure of the plaintiff to undue suffering and threat of further injury.  The reckless and conscious disregard of a serious risk was displayed by the defendant's [sic] whom were the Correctional Officers working under the color of law.  The refusal of medical care whatsoever and further delay in providing the necessary surgery to prevent further pain and suffering is alleged.  The prison physician, i.e., medical doctor failed to give palliative care after being assaulted and treated with excessive force nor was any after care provided.  The claim for deliberate indifference to serious medical needs after the use of excessive force is are [sic] claims being made.

ECF No. 1, pg. 5.

25     As currently pleaded, the Court finds that Plaintiff's complaint, when construed

26 liberally, states a plausible Eighth Amendment claim against Defendant Ellred based on

27 Plaintiff's allegation that the "medical doctor" failed to provide Plaintiff with medical care

28 following an assault.  While Plaintiff does not mention Defendant Ellred specifically in his

1  statement of the claim, Defendant Ellred is the only physician named in the lawsuit and, as such,
2  Plaintiff's allegation is sufficient to put Defendant Ellred on fair notice of the claim.

3          The complaint, however, fails to state a cognizable claim against any other named
4  defendant.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection
5  or link between the actions of the named defendants and the alleged deprivations.  See Monell v.
6  Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person
7  'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he
8  does an affirmative act, participates in another's affirmative acts, or omits to perform an act which
9  he is legally required to do that causes the deprivation of which complaint is made."  Johnson v.
10 Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the
11 involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of
12 Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to
13 each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v.
14 Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

15         Here, Plaintiff does not allege facts linking any of remaining the named defendants
16 to a violation of Plaintiff's constitutional rights.  Plaintiff only generally mentions "Correctional
17 Officers," see ECF No. 1, pg. 5, but does not name them or explain what each did or did not do
18 which caused a violation of Plaintiff's rights.  Plaintiff will be provided an opportunity to amend
19 the complaint to allege facts specific to the named defendants.

20         Because it is possible that the deficiencies identified in this order may be cured by
21 amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d
22 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an
23 amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,
24 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the
25 prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An
26 amended complaint must be complete in itself without reference to any prior pleading.  See id.
27 / / /
28 / / /

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state a cognizable claim against Defendant Ellred, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claim.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: June 5, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE