IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RODRIGO RODRIGUEZ-MENDEZ, | No. 2:24-CV-0678-DMC-P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| ELLRED, et al., | and |
| Defendants. | FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). Pending before the Court is Plaintiff's first amended complaint, ECF No. 16.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

As with the original complaint, Plaintiff names the following as defendants in the first amended complaint: (1) Ellred, a physician at Federal Correctional Institution – Herlong (FCI Herlong); (2) Kerney, a correctional lieutenant at FCI Herlong; (3) Birtwell, a correctional officer at FCI Herlong; (4) Fox, a correctional officer at FCI Herlong; (5) Peterson, a correctional officer at FCI Herlong; and (6) Waurbaug, a correctional officer at FCI Herlong. See ECF No. 16, pgs. 5-6. Plaintiff asserts that Defendants Kerney, Birtwell, Fox, Perterson, and Waurbaug used excessive force on him, and that Defendant Ellred was deliberately indifferent to Plaintiff's serious medical needs. See id. at 7.

Plaintiff contends that on March 17, 2022, he experienced great pain in the lower half of his body, making him unable to stand or sit. See id. at 8. Plaintiff contends that he was at work at that time, and two other inmates helped him get to the infirmary. See id. Plaintiff claims that when he got to the infirmary he got down on the floor because he was in great pain and was instructed to get up and sit. See id. Plaintiff claims that he replied he could not do so because of the pain and repeated the conversation when another officer who arrived on the scene. See id. at 9. Plaintiff claims that the other officer threatened him that he would be placed in a Special Housing Unit if he did not move, so Plaintiff tried to move slowly and carefully to the area pointed out by the officer. See id.

///

1           Plaintiff asserts that Defendant Ellred arrived after this encounter and told Plaintiff
2    to get up or the lieutenant's office would be called. See id. Plaintiff asserts that when he tried to
3    explain his situation, Defendant Ellred replied that he did not care. See id. Plaintiff claims that he
4    apologized to Defendant Ellred, and when the pain Plaintiff was suffering made him lie down on
5    the floor again, Defendant Ellred informed Plaintiff that he had called the lieutenant's office. Id.

6           Plaintiff claims that soon thereafter, Defendants Kerney, Fox, Birtwell, Perterson,
7    and Waurbaug arrived. See id. Plaintiff claims that despite Plaintiff's explanation of the situation
8    and pleading, these five defendants grabbed Plaintiff by his hands, feet, and neck and dragged
9    him to the lieutenant's office, all while shouting obscenities and racial slurs at Plaintiff. See id. at
10   10. Plaintiff claims that he was placed on a bench outside of the lieutenant's office and, after their
11   conversation, the lieutenant told Plaintiff to get up and go back to his unit. See id. at 10-11.
12   Plaintiff asserts that he stated again that he was unable to walk, and Defendants grabbed Plaintiff
13   and pulled him up, and then pushed him towards his unit. See id. at 11. Plaintiff claims that he
14   walked a short distance and then had to stop and sit on the floor. See id. Plaintiff asserts that
15   Defendants again grabbed him by his arms, legs, and neck and dragged him to his unit. See id.
16   Plaintiff alleges that these five defendants' conduct made his suffering worse. See id. at 13.

17          Plaintiff claims that he was seen by Defendant Ellred later that day. See id. at 12.
18   Plaintiff asserts that Defendant Ellred initially stated that Plaintiff's pain was not credible because
19   he could not find any relevant record in his medical history. See id. Plaintiff asserts that
20   Defendant Ellred gave him medical treatment only after Plaintiff stated that he suffered from the
21   same condition in 2009 in another facility and Defendant Ellred checked his records to confirm
22   that this was true. See id. at 12-13.

23

24                                        **II.  DISCUSSION**

25          The Court finds that Plaintiff's first amended complaint states cognizable
26   excessive force claims against Defendants Kerney, Fox, Birtwell, Perterson, and Waurbaug
27   arising from events occurring on March 17, 2022.  By separate order, the Court will direct
28   Plaintiff to submit documents necessary for service on these defendants by the United States

                                                    3

1  Marshal.  The Court otherwise finds that Plaintiff has failed to state a cognizable medical
2  deliberate indifference claim against Defendant Ellred.
3          The treatment a prisoner receives in prison and the conditions under which the
4  prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel
5  and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,
6  511 U.S. 825, 832 (1994).  The Eighth Amendment ". . .embodies broad and idealistic concepts of
7  dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102
8  (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.
9  Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with
10  "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,
11  801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when
12  two requirements are met: (1) objectively, the official's act or omission must be so serious such
13  that it results in the denial of the minimal civilized measure of life's necessities; and (2)
14  subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of
15  inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison
16  official must have a "sufficiently culpable mind."  See id.
17          Deliberate indifference to a prisoner's serious illness or injury, or risks of serious
18  injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105;
19  see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health
20  needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by
21  Sandin v. Conner, 515 U.S. 472 (1995).  An injury or illness is sufficiently serious if the failure to
22  treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and
23  wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled
24  on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see
25  also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness
26  are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2)
27  whether the condition significantly impacts the prisoner's daily activities; and (3) whether the
28  condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122,

1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not generally give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). However, a claim involving alternate courses of treatment may succeed where the plaintiff shows: (1) the chosen course of treatment was medically unacceptable under the circumstances; and (2) the alternative treatment was chosen in conscious disregard of an excessive risk to the prisoner's health. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

In addressing Plaintiff's original complaint, the Court determined that Plaintiff had plausibly stated a medical deliberate indifference claim against Defendant Ellred. See ECF No. 15. Specifically, the Court stated:

> As currently pleaded, the Court finds that Plaintiff's complaint, when construed liberally, states a plausible Eighth Amendment claim against Defendant Ellred based on Plaintiff's allegation that the "medical doctor" failed to provide Plaintiff with medical care following an assault. While Plaintiff does not mention Defendant Ellred specifically in his statement of the claim, Defendant Ellred is the only physician named

///

in the lawsuit and, as such, Plaintiff's allegation is sufficient to put Defendant Ellred on fair notice of the claim.

Id. at 2-3.

However, Plaintiff's current allegations, which add more detail than the original complaint, do not support a medical deliberate indifference claim against Defendant Ellred. Specifically, Plaintiff now alleges that, while Defendant Ellred initially did not initially provide medical care, Defendant Ellred ultimately provided medical care shortly thereafter once Plaintiff's medical condition had been confirmed. Assuming Plaintiff's allegations are true, Plaintiff cannot establish the subjective prong of a medical deliberate indifference claim against Defendant Ellred.

### III. CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

2. It is RECOMMENDED that Defendant Ellred be dismissed with prejudice for failure to state a claim against whom relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**Dated:  June 13, 2025**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE