IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODRIGO RODRIGUEZ-MENDEZ,

Plaintiff,

v.

KERNEY, et al.,

Defendants.

No.  2:24-CV-0678-DC-DMC-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).  Pending before the Court are the following motions: (1) Plaintiff's motion for reconsideration of the District Judge's order dismissing Defendant Ellred with prejudice, ECF No. 21; and (2) Plaintiff's motion for reconsideration of the undersigned's findings and recommendations that this action be dismissed for lack of prosecution, see ECF No. 22.  The Court addresses Plaintiff's first motion here.  Plaintiff's second motion has been addressed by separate order.

On June 13, 2025, the Court determined that service of Plaintiff's first amended complaint on Defendants Birtwell, Fox, Kerney, Peterson, Waurmbaug was appropriate and directed Plaintiff to submit documents necessary for service of process by the United States Marshal within 30 days.  See ECF No. 18.  Concurrently, the Court issued findings and recommendations that Plaintiff's claims against Defendant Ellred be dismissed with prejudice.

1

See ECF No. 17.  Plaintiff did not file objections to the findings and recommendations, which were adopted in full by the District Judge on August 12, 2025.  See ECF No. 19.  Plaintiff now seeks reconsideration of the dismissal of Defendant Ellred.

The Court may grant reconsideration under Federal Rules of Civil Procedure 59(e) and 60.  Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e).  See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).  The motion must be filed no later than twenty-eight (28) days after entry of the judgment.  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the Court may grant reconsideration of final judgments and any order based on clerical mistakes.  Under Rule 60(b), the Court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  See Fed. R. Civ. P. 60(b)(1)-(3).  A motion for reconsideration on any of these grounds must be brought within one year of entry of judgment or the order being challenged.  See Fed. R. Civ. P. 60(c)(1).  Under Rule 60(b), the Court may also grant reconsideration if: (1) the judgment is void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason that justifies relief.  See Fed. R. Civ. P. 60(b)(4)-(6).  A motion for reconsideration on any of these grounds must be brought "within a reasonable time."

Fed. R. Civ. P. 60(c)(1).

In his motion for reconsideration, Plaintiff does not cite any specific rule as a basis for relief from the District Judge's August 12, 2025, order dismissing Defendant Ellred for failure to state a claim against whom relief can be granted.  Instead, Plaintiff reasserts the factual allegations in the first amended complaint which the Court found insufficient to state a claim.  Having considered all the various bases for reconsideration under Rules 59 and 60, the Court finds no basis to reconsider dismissal of Defendant Ellred.

Based on the foregoing, the undersigned recommends that Plaintiff's motion for reconsideration, ECF No. 21, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 9, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3